**YU LONG ZHEN, Petitioner,**

**v.**

**Eric H. HOLDER, Jr., United States Attorney General, Respondent.**

**No. 09–4254–ag.**

United States Court of Appeals, Second Circuit.

Aug. 6, 2010.

Henry Zhang, New York, NY, for Petitioner.

Tony West, Assistant Attorney General, Civil Division; Ada E. Bosque, Senior Litigation Counsel, Office of Immigration Litigation; Puneet Cheema, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: JOSÉ A. CABRANES, RICHARD C. WESLEY and DENNY CHIN, Circuit Judges.

### SUMMARY ORDER

Petitioner Yu Long Zhen, a native and citizen of the People's Republic of China, seeks review of a September 14, 2009, order of the BIA affirming the February 8, 2008, decision of Immigration Judge ("IJ") Barbara A. Nelson denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yu Long Zhen,* No. A078 845 609 (B.I.A. Sept. 14, 2009), *aff'g* No. A078 845 609 (Immig. Ct. N.Y. City Feb. 8, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir.2005). The applicable standards of review are well-established. *Corovic v. Mukasey,* 519 F.3d 90, 95 (2d Cir.2008); *Salimatou Bah v. Mukasey,* 529 F.3d 99, 110 (2d Cir.2008).

The agency found that Zhen failed to establish that he engaged in "other resis-

50

tance" to the family planning policy. As the government asserts, however, Zhen fails to meaningfully challenge this finding in this Court as his brief consists solely of boilerplate legal standards and a general and conclusory sentence that his actions constituted other resistance to the Chinese family planning policy. The record supports the IJ's determination that Zhen established only that he asked the family planning officials to delay his wife's sterilization, not that he opposed the sterilization or the family planning policy. Zhen does not provide any specifics of any other actions that he contends constituted "other resistence" to China's population control policy. Accordingly, we deem Zhen's challenge to be waived. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 n. 7 (2d Cir. 2005). Zhen's waiver of his challenge to the agency's finding that he failed to demonstrate that he engaged in "other resistance" to the family planning policy is dispositive of the petition for review.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).